## Poynter v. Louisville Ry. Co. et al.

March 8, 1949.

Anton B. Dreidel for appellant.

Thos. S. Dawson, John E. Tarrant, Bullitt, Dawson & Tarrant and Herbert Monsky for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The sole question involved in this case is whether appellee, The Louisville Railway Company, may conform with one of the provisions of a wage agreement with appellee, Local 176 Transport Workers Union of America, arrived at through collective bargaining. The provision in question is in respect to a retirement plan whereby the Union agreed, as the bargaining agent of a majority of the employees of the Railway Company, that the employees would contribute to a pension or retirement fund two cents for each hour worked, and the company agreed to contribute four cents for each man hour the employees worked. The plan was submitted to the stockholders and directors of the Railway Company and to the individual members of the Union at a meeting especially called for that purpose. It was approved by the stockholders and directors of the Company and by a

majority vote of the members of the union. Under the terms of the agreement the Company is compelled to withhold the employees' contributions to the fund from the wages paid them by the company.

Appellant, a member of the Union, is questioning the right of the Company and the Union to enter into such an agreement, contending that the deduction from his wages and the wages of others similarly situated violates the provision of KRS 337.060, unless the deduction is expressly authorized by each employee whose contribution is withheld, KRS 337.060 reads:

"In case of any wage agreement arrived at through collective bargaining, no employer shall willfully with intent to defraud any person, withhold from any employe any part of the wage agreed upon. This section shall not make it unlawful for an employer to withhold or divert any portion of an employe's wage when the employer is authorized to do so by state or Federal law or when a deduction is expressly authorized in writing by the employe to cover insurance premiums, hospital and medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, nor shall it preclude deductions for union dues where such deductions are authorized by joint wage agreements or collective bargaining contracts negotiated between employers and employes or their representative."

This section of the statutes contains but one inhibition, viz., the willful withholding of wages with intent to defraud. Such an act would be an unlawful conversion of the property of another had the section in question never been enacted. Appellant did not allege in his petition that his wages were being, or were about to be, withheld by the Company or the Union with intent to defraud him or any other employee of the company of the wage agreed upon; and in his brief he frankly states that the withholding of the wages is not being done with intent to defraud. Thus he admits that the gravamen of the offense denounced by the section is utterly lacking. In addition to that, the section in question specifically states that it has no application to deductions arrived at by collective bargaining or pursuant to wage agreements.

The Court properly sustained the demurrer to, and dismissed, the petition.

The judgment is affirmed.